**Mildred FRATES, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 83–3795–C.**

United States District Court,
D. Massachusetts.

Jan. 6, 1986.

Roger Stanford, Stanford & Schall, New Bedford, Mass., for plaintiff.

Frederick E. Dashiell, Asst. U.S. Atty., for defendant.

MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action in which the plaintiff, pursuant to 42 U.S.C. § 405(g), seeks an order reversing a final decision of the Secretary of Health and Human Services ("the Secretary") which denied her claim for Supplemental Security Income ("SSI") benefits. In the alternative, the plaintiff seeks to have her case remanded to the Secretary for further hearing. The matter is before this Court on the plaintiff's motion for summary judgment and the defendant's cross motion for an order affirming the decision of the Secretary.

The record indicates that the plaintiff is a fifty-five year old woman with a high school education. She has had two mastectomies, is a recovered alcoholic, and suffers from peripheral vascular insufficiency of the lower extremities. In addition, the plaintiff has been treated in the past for depression, which is apparently associated with her physical ailments. When last evaluated, the depression was not considered severe and the plaintiff was not seeing a psychiatrist.

The plaintiff has not worked since 1973. She filed the application for SSI benefits now under review on June 17, 1981, claiming disability as of October, 1980. The application was denied both initially and on reconsideration by the Social Security Administration ("SSA"). The plaintiff then appeared with her attorney at a hearing before an administrative law judge ("ALJ"), who considered her case *de novo.* The ALJ denied the plaintiff SSI benefits and the Appeals Council approved the ALJ's decision.

Under the standard of review established by the Social Security Act, the Secretary's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g). Thus a court must uphold the findings if, reviewing the record as a whole, a reasonable mind could accept the evidence as adequate to support the Secretary's conclusion. *Rodriguez v. Secretary of Health and Human Services,* 647 F.2d 218, 222 (1st Cir.1981).

The plaintiff argues that the Secretary incorrectly considered her prior employment as a cloth inspector as past relevant work within the meaning of the regulations, failed to consider the plaintiff's mental impairments in conjunction with her physical impairments, and erred in finding her capable of working as a cloth inspector. The plaintiff worked as a cloth inspector from 1971 to 1973. Under the SSA regulations, work experience applies if it was done within the last 15 years, lasted long enough for the individual to learn the activity, and was substantial gainful activity. 20 C.F.R. § 404.1565(a). I rule that the Secretary properly considered the plaintiff's employment as a cloth inspector as relevant past work experience.

In reading the ALJ's decision, I find evidence that the ALJ considered the plaintiff's psychological problems when making his determination. The decision recounts the history of the plaintiff's alcoholism and depression. In addition, the ALJ specifically states in the decision that the plaintiff's mental problems do not limit her ability to perform work-related functions. I therefore rule that the record indicates sufficient consideration of the plaintiff's non-exertional impairments.

The last issue to be addressed is whether the ALJ's finding that the plaintiff was capable of working as a cloth inspector was supported by substantial evidence. When evaluating a disability claim, the SSA applies the sequential five-part test embodied in the social security regulations at 20 C.F.R. § 404.1520. First, the evaluator queries if the claimant is gainfully employed. If yes, then she is automatically considered not disabled. *Goodermote v. Secretary of Health and Human Services,* 690 F.2d 5, 6 (1st Cir.1982). The second question is whether the claimant has a severe impairment which significantly limits her physical or mental capacity to perform work-related functions. *Id.* If she does have a severe impairment, the third question is whether the impairment meets or

equals one listed in Appendix 1 of the regulations. If so, the claimant can be found disabled on medical evidence alone. *Lashley v. Secretary of Health and Human Services,* 708 F.2d 1048, 1053 (6th Cir.1983). If the SSA cannot determine the claimant's status on the basis of current work activity or medical facts alone and the claimant has a severe impairment, then the SSA proceeds to the fourth question: whether the claimant has sufficient residual functional capacity to do work of the sort she has performed in the past. *Goodermote,* 690 F.2d at 7. If she can, then the SSA will find the claimant not disabled. *Id.* If she cannot do work she has done in the past, then in the fifth and final stage of inquiry the SSA considers whether the claimant's impairment prevents her from doing other work of the sort found in the economy. *Id.* If it does, then the claimant will be found to be disabled. *Id.* During the fourth stage of this inquiry, the claimant has the burden of proving that her disability prevented her from working at her former jobs. *Id.* At the fifth stage, however, the Secretary has the burden of showing that the claimant can perform other jobs. *Id.* The SSA has developed a set of medical-vocational guidelines known as "the Grid" to simplify this determination. *Id.*

In this case, the ALJ found that the plaintiff was capable of performing past relevant work, as a cloth inspector. The inquiry into the plaintiff's status therefore ended at stage four. I rule that this finding is not supported by substantial evidence. Although I find substantial evidence that the plaintiff can perform sedentary work, the job description of a cloth inspector contained in the record indicates that it requires using a foot pedal. In his medical evaluation of the plaintiff's physical capabilities, Dr. Lang found that the plaintiff could not use either of her legs for repetitive movements, as in pushing and pulling of leg controls. I find no indication in the ALJ's decision that these factors were considered. The matter should therefore be remanded to the Secretary for further consideration.

Order accordingly.

## ORDER

In accordance with memorandum filed this date, it is ORDERED:

1. Plaintiff's motion for summary judgment is denied.

2. Defendant's motion for an order affirming the Secretary of Health and Human Services' decision is denied.

3. Case is remanded to the Secretary for further consideration.